## THIRD DEPARTMENT, JULY, 1968

## (July 3, 1968)

■ EDWIN TYMANN, as Guardian ad Litem of SUZANNE B. TYMANN, an Infant, et al., Respondents, v. NATIONAL SAVINGS BANK OF THE CITY OF ALBANY, Defendant-Appellant and Third-Party Plaintiff-Appellant. SEYMOUR L. WRIGHT et al., as Copartners Doing Business as "BRANCHE'S", Third-Party Defendants-Respondents.— Per Curiam. Appeal (1) from a judgment of the Supreme Court entered February 16, 1967 in Albany County upon a verdict rendered at a Trial Term in favor of the plaintiffs, (2) from an order of said court, entered February 9, 1967, which granted the motion of the third-party defendant to discontinue the third-party action, and (3) from an order of said court, entered March 20, 1967 which denied the defendant's motion to set aside the verdict. The action was brought on behalf of the infant plaintiff to recover damages for personal injuries alleged to have been sustained by her through the negligence of the defendant. The defendant brought a third-party action against Seymour L. Wright and Mary Jaworski as copartners, doing business as "Branche's", the employers of the infant plaintiff, alleging that the injuries and damages sustained by the infant plaintiff were caused solely by the negligence of the third-party defendants. After the jury was drawn, the court denied a motion by the third-party defendant to dismiss the third-party complaint made on the ground that the complaint alleged only active negligence on the part of the defendant and third-party plaintiff. On motion of the defendant and third-party plaintiff the court granted leave to amend the third-party complaint to include an alleged contract of indemnity purportedly set forth in the lease between the third-party plaintiff and the third-party defendants. Thereafter, on a motion of the third-party defendants the court ordered the third-party action discontinued on the ground that the lease between the third-parties contained a provision whereby the parties to the lease waived any right to a jury trial. The infant plaintiff was employed as a waitress by the third-party defendants who maintained a drug store and luncheonette on a portion of the ground floor of the defendant's building. The third-party defendants also had a room in the basement used as a dressing room for female employees. Access to the basement was through a hallway at the rear of the store from which there was a doorway which led to the stairs to the basement. The garbage barrels used for the luncheonette were kept in the hallway leading from the rear door of the store to the stairway. On December 3, 1963 the infant plaintiff reported for work at 6:00 P.M. and went downstairs to put on her uniform. She testified that at that time garbage barrels were in the hallway and there were some things around by the barrels that had spilled over the top of the barrels and also that the top stairs leading to the basement were wet. At about 8:00 P.M. she again had occasion to go to the basement. At this time the garbage barrels were still in the hallway at the rear of the store and were still overflowing. As she proceeded down the stairway to the basement, she went down three steps to a platform and, as she started down the remaining 11 steps, her right foot slipped out from underneath her, and she slid down the stairs on her back to the bottom of the stairway. She testified that she then sat on the bottom step and picked a lettuce leaf off the bottom of her right sneaker. The stairway was lighted at the time and she was holding on to the bannister when she slipped. Later that evening she began to feel pain in her lower back and told the druggist on duty about it. She completed her work that evening and arrived home at about 11:00 P.M. During the night she experienced more pain in her back, and the next morning was taken to the hospital. She further testified that the stairs were in

the same condition at 8:00 P.M. as they were at 6:00 P.M., and when questioned concerning any debris on the stairway, said that the upper platform of the stairs was wet and something had dripped on the steps all the way down to the bottom. The appellant relies mainly on the argument that there was no actual or constructive notice of the negligent condition so as to impose liability on its part. The trial court did not charge the requirement of actual or constructive notice, and appellant made no request for such a charge. Under the general rules of negligence, as charged by the trial court, it was within the province of the jury to determine the question of contributory negligence on the part of the plaintiff, and negligence on the part of the defendant which have been decided in favor of the plaintiff. The order granting the motion of the third-party defendants to "discontinue" the third-party action should be considered as a motion for an order of severance and the order should be affirmed. Judgment and order affirmed, with costs to the plaintiffs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.